THE TREASURER OF THE CITY OF PLAINFIELD, RE-
SPONDENT, v. ELI BUSSELL, PROSECUTOR.

Submitted October term, 1925—Decided March 5, 1926.

**Ordinances—Conviction for Violation—Appeal to Common Pleas
—Appeal Dismissed on Ground That No Right of Appeal
Existed—Statutes Examined and Order of Common Pleas
Affirmed—Act of 1895, Providing for Review of Ordinances
by Certiorari, Held Controlling.**

On *certiorari.*

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *William R. Wilson.*

For the respondent, *Charles A. Reed.*

PER CURIAM.

Eli Bussell, the prosecutor of the writ of *certiorari* issued
in this case, seeks to review an order of the Common Pleas
Court of Union county dismissing an appeal from a judgment
of conviction rendered against him in the city court of Plain-
field for violation of a city ordinance.

Upon his conviction in the city court the prosecutor ap-
pealed to the Court of Common Pleas. On motion of the
respondent the appeal was dismissed upon the ground that no
right of appeal existed. It is upon this point that the present
proceeding turns, and its disposition depends upon the ap-
plication and controlling effect of chapter 384 of the laws
of 1895 (at *p.* 764). The validity of the judgment in the
city court or the regularity of the proceedings in that tribunal
are not here brought in question, but only the propriety of
the order of the Court of Common Pleas dismissing the ap-
peal.

Under the law as it stood prior to 1895 there was accorded
to persons convicted of violation of city ordinances an ap-

peal to the Court of Common Pleas by the city charter. *Pamph. L.* 1872, *p.* 1134; amended *Pamph. L.* 1873, *p.* 482. In 1874 a second supplement to the charter was enacted containing a provision that review should be solely by *certiorari* to the Circuit Court. *Pamph. L.* 1874, *p.* 302. This provision was held to be unconstitutional as infringing a prerogative of the Supreme Court, the first attempt to eliminate unnecessary reviews of petty offenses came to naught, and the right of appeal under the charter was held still to exist. *Flangan* v. *Plainfield,* 44 *N. J. L.* 118. Thus, matters continued until 1895, when the legislature, evidently realizing the general necessity of the limitation, attempted specially in the act of 1874, amending the Plainfield charter, passed the general act of 1895, *supra,* which act reads as follows:

"That in order to establish uniformity in the premises in all cities of this state, all judgments or other judicial proceedings of any city judge, police court or other inferior court, had for or on account of alleged violation of city ordinances or ordinances of the city boards of health, whether with or without a trial by jury, shall be reviewable by writ of *certiorari,* in accordance with the rules and practices of the Supreme Court, and not otherwise.

"All acts and parts of acts, general or special, inconsistent herewith, are hereby repealed."

The act has been twice amended, but not to in anywise affect the question here involved.

The mere reading of the act discloses a purpose to establish uniformity in the review of the class of cases of which the present is an example. Its language is comprehensive and all inclusive, and the repealing sections repeal both general and special acts inconsistent with its provisions. The charter of Plainfield, by its own terms, is declared to be a general act (section 66), and, hence, falls within the repealing clause of the act of 1895.

Counsel for the prosecutor cites the case of *Rahway* v. *Hunt,* 74 *N. J. L.* 116, holding that the provisions of an act passed in 1883 (*Pamph. L., p.* 177), constituting police courts

in certain cities operates to modify the charter of Rahway and preserves a right of appeal in cases of the class here under consideration.

This case was rightly decided on the effect of the act of 1883. *Pamph. L., p.* 177. Curiously, the act of 1895 was not brought to the attention of the court at the time, and its effect was not considered or passed upon. This is made clear by the opinion filed and by the later case of *Roarke* v. *Buckley,* 86 *N. J. L.* 33, in which the act of 1883 is held to be superseded by the act of 1895.

Prosecutor calls to our attention the act of 1899, which, in section 34, gives a right of appeal in cases of this class, but omits to say that the act provides for a referendum and is not effective until its adoption upon a vote of the people. Inasmuch as the record does not disclose such adoption (and respondent asserts it has not been adopted) its provisions are inapplicable. No other statute has been called to our attention. We, therefore, conclude that the act of 1895 controls, and that the Court of Common Pleas was right in dismissing the appeal.

The order is therefore affirmed.